UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------



NICHOLAS J. VISCONTI and MARGARET VISCONTI,

                Plaintiffs,

      -against-

HILTON HOTELS CORPORATION d/b/a
CARIBE HILTON and HILTON INTERNATIONAL
CO. d/b/a CARIBE HILTON,

                Defendants.

------------------------------------------------------------x

NOTICE OF REMOVAL



TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

    The petition of defendant Hilton Hotels Corporation, sued herein as Hilton Hotels Corporation d/b/a Caribe Hilton (hereinafter "HHC"), for removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, respectfully shows to this Honorable Court:

    1.    THAT, your petitioner HHC is a defendant in a civil action brought against it in the Supreme Court of the State of New York, County of New York, Index No. 104338/07, entitled:

        NICHOLAS J. VISCONTI and MARGARET VISCONTI,
                                Plaintiffs,
              -against-
        HILTON HOTELS CORPORATION, d/b/a CARIBE HILTON and
        HILTON INTERNATIONAL CO., d/b/a CARIBE HILTON,
                                Defendants.

A copy of the Summons and Verified Complaint served on defendant HHC in this action is annexed hereto and constitute all process, pleadings and orders served upon defendant.

2. THAT, the aforesaid action was commenced by the service of a Summons and Verified Complaint upon defendant HHC by service upon the New York State Secretary of State on April 13, 2007. The Summons and Verified Complaint were first received by petitioner on April 10, 2007.

3. THAT, at all times mentioned herein, petitioner HHC is a Delaware corporation with its principal place of business in Beverly Hills, California.

4. THAT, the controversy herein between plaintiffs and defendant is a controversy between citizens and residents of the State of New York and citizens and residents of the States of Delaware and California.

5. THAT, the amount in controversy in this action exceeds the sum of value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6. THAT, this is a civil action brought in a state court of which the District Courts of the United States have original jurisdiction by reason of diversity of citizenship of the parties and of the amount involved and defendant is not a citizen of the State of New York, where the action was brought, nor does it have its principal place of business in the State of New York.

7. THAT, petitioner-defendant is not in actual custody of process issued by the state court.

WHEREFORE, your petitioner prays that this petition be accepted by this Honorable court as good and sufficient and that this case proceed in this Court as a

properly removed case and that petitioner have such other, further and different relief granted that as to this Court may seem just and proper.

Dated: New York, NY
May 7, 2007

                        Respectfully submitted,

                        KARDARAS & KELLEHER LLP
                        Attorneys for Petitioner-Defendant
                        HILTON HOTELS CORPORATION

                        By _____
                           William P. Kardaras (WPK-8835)
                        Office & P.O. Address:
                        44 Wall Street, 16th Floor
                        New York, NY 10005
                        (212) 785-5050

TO:    SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.
        Attorneys for Plaintiffs
        120 Broadway
        New York, NY 10271
        (212)732-9000

        CLERK OF THE SUPREME COURT
        SUPREME COURT OF THE STATE OF NEW YORK
        60 Centre Street
        New York, NY 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NICHOLAS J. VISCONTI and MARGARET VISCONTI,

Index No. 104338/07

Plaintiffs,

Plaintiffs designate NEW YORK County as the place of trial.

-against-

SUMMONS

HILTON HOTELS CORPORATION d/b/a
CARIBE HILTON and HILTON INTERNATIONAL
CO. d/b/a CARIBE HILTON,

The basis of venue is:
Defendant's Place of Business

Defendants.

Plaintiffs reside at:
67 Weeks Avenue
Cornwall-on-Hudson, NY 12520

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
         March 27, 2007

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO PC.

By: _____
    Cheol I. Kim
Attorneys for Plaintiff
Office and P.O. Address
120 Broadway
New York, New York 10271
(212) 732-9000

**Defendants addresses:**
HILTON HOTELS CORPORATION
C/o United States Corporation Company
80 State Street
Albany, NY 12207

HILTON INTERNATIONAL CO.
C/o Corporation Service Company
80 State Street
Albany, NY 12207

FILED WITH THE CLERK OF THE COURT ON _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
NICHOLAS J. VISCONTI and MARGARET VISCONTI,

                        Plaintiffs,                                Index No.

             -against-                                 **VERIFIED COMPLAINT**

HILTON HOTELS CORPORATION, d/b/a CARIBE
HILTON and HILTON INTERNATIONAL CO. d/b/a
CARIBE HILTON,

                        Defendants.
---------------------------------------------------------------X

       Plaintiffs, by their attorneys, SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO, P.C., as and for their complaint state the following upon information and belief and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.     Plaintiffs, NICHOLAS VISCONTI and MARGARET VISCONTI, reside at 67 Weeks Avenue, Cornwall-on-Hudson, New York.

2.     At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION, was and is a foreign business corporation, organized and existing under the laws of the State of New York.

3.     At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION filed in New York County with the New York State Division of Corporations.

4. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO. was and is a foreign business corporation, organized and existing under the laws of the State of New York.

5. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO. filed in New York County with the New York State Division of Corporations.

6. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION was doing business as CARIBE HILTON.

7. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO. was doing business as CARIBE HILTON.

8. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION was doing business as CARIBE HILTON at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

9. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO. was doing business as CARIBE HILTON at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

10. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION owned the Caribe Hilton Hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

11. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION, by its agents, servants and/or employees managed the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

12. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION, by its agents, servants and/or employees controlled the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

13. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION, by its agents, servants and/or employees maintained the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

14. At all times hereinafter mentioned, the defendant HILTON HOTELS CORPORATION, by its agents, servants and/or employees operated the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

15. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO. owned the Caribe Hilton Hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

16. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO., by its agents, servants and/or employees managed the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

17. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO., by its agents, servants and/or employees controlled the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

18. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO., by its agents, servants and/or employees maintained the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

19. At all times hereinafter mentioned, the defendant HILTON INTERNATIONAL CO., by its agents, servants and/or employees operated the aforementioned hotel located at Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

20. On or about December 4, 2006, the plaintiff NICHOLAS VISCONTI was lawfully present at the Caribe Hilton Hotel located on Los Rosales Street, San Geronimo Ground, San Juan, PR 00901.

21. On or about December 4, 2006, the plaintiff NICHOLAS VISCONTI was lawfully walking down a staircase leading from the second floor to the first floor reception area of the Caribe Hilton Hotel..

22. On or about December 4, 2006, the plaintiff NICHOLAS VISCONTI was walking down the staircase from the second floor to the first floor when he was caused to fall to the ground due to the lack of handrails and the hazardous and dangerous condition of a handrail.

23. On December 4, 2006 and prior thereto, the defendants caused the hazardous and dangerous condition of the handrails, specifically covering same with Christmas garland and ornaments.

24. The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendants, their partners, agents, servants, franchisee, contractors and/or employees in the ownership, operation, maintenance, management and control of said hotel, specifically the aforesaid staircase and its handrails.

25. As a result of the negligence of the defendants, plaintiff NICHOLAS VISCONTI was injured.

26. As a result of the negligence of the defendants, plaintiff NICHOLAS VISCONTI was seriously injured.

27. The limitations on liability as set forth in CPLR 1601 does not apply by reason of one or more of the exceptions set forth in CPLR 1602(2)(ii) and 1602(2)(iv).

28. By reason of the foregoing, the plaintiff NICHOLAS VISCONTI was caused to sustain damages, both general and special, in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction in this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 28 as though more fully set forth at length herein.

30. That at all times hereinafter mentioned, plaintiff MARGARET VISCONTI was and is the lawful wedded wife of plaintiff NICHOLAS VISCONTI and, as such, is entitled to his services, society, consortium and companionship and responsible for his care, maintenance, support and attention.

31. As a result of the foregoing, this plaintiff was deprived of the services, society, consortium and companionship of her said husband and was compelled to expend and become liable for diverse sums of money in an endeavor to cure and relieve her husband of the injuries and since his injuries are believed to be of a permanent nature, she will continue to be so deprived and liable in the future.

32. By reason of the foregoing, plaintiff MARGARET VISCONTI has sustained damages, both general and special, in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction in this matter.

WHEREFORE, plaintiffs NICHOLAS VISCONTI and MARGARET VISCONTI demand judgment against the defendants, together with the costs and disbursements of this action.

Dated: New York, New York
      March 27, 2007

>Yours, etc.,
>
>SULLIVAN PAPAIN BLOCK
>McGRATH & CANNAVO P.C.
>
>By: _____
>     Cheol I. Kim
>Attorneys for Plaintiffs
>120 Broadway
>New York, New York 10271
>(212) 732-9000

## VERIFICATION

Cheol I. Kim, an attorney duly admitted to practice in the State of New York, affirms the following under penalties of perjury:

I am an associate of the law firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C., attorneys for the plaintiff in the above-entitled action. I have read the foregoing COMPLAINT and know the contents thereof, and upon information and belief affirmant believes the matters alleged therein to be true.

The reason this Verification is made by the affirmant and not by plaintiff(s) is that the plaintiff(s) reside(s) outside the county wherein I maintain my offices.

Dated:  New York, New York
        March 28, 2007

_____
Cheol I. Kim

7

STATE OF NEW YORK, COUNTY OF                                           ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification** — certify that the annexed has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation** — say that: I am the attorney of record, or of counsel with the attorney(s) of record, for                          . I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                          is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:
.................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                           ss:
being sworn says: I am

☐ **Individual Verification** — in the action herein; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                          of

☐ **Corporate Verification** — a corporation, one of the parties to the action; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                          , 20
.................................................................
*(Print signer's name below signature)*

.................................................................

STATE OF NEW YORK, COUNTY OF                                           ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                          , 20    , I served a true copy of the annexed
in the following manner:

☐ **Service by Mail** — by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Personal Service** — by delivering the same personally to the persons at the address indicated below:

☐ **Service by Electronic Means** — by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service** — by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                          , 20

.................................................................
.................................................................
*(Print signer's name below signature)*

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

Index No.    104338/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NICHOLAS J. VISCONTI and MARGARET VISCONTI,

Plaintiffs,

- against -

HILTON HOTELS CORPORATION, d/b/a CARIBE HILTON and HILTON INTERNATIONAL CO., d/b/a CARIBE HILTON,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
Attorneys for Plaintiffs

120 BROADWAY
NEW YORK, NEW YORK 10271
(212) 732-9000

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ......................................   Signature ......................................

Print Signer's Name ......................................

Service of a copy of the within                                                      is hereby admitted.
Dated:

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                                one of the judges of the within named Court,
at
on                                20              , at                    M.

Dated:

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
Attorneys for

120 BROADWAY
NEW YORK, NEW YORK 10271

To:

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
VISCONTI, NICHOLAS J

Party Served:
HILTON HOTELS CORPORATION

C/O UNITED STATES CORPORATION COMPANY
80 STATE STREET
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 04/10/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations