UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICHOLAS J. VISCONTI and MARGARET VISCONTI,

                                 Plaintiffs,                      07 CV 3642 (LMM)

              -against-

HILTON HOTELS CORPORATION, d/b/a CARIBE HILTON,
HILTON INTERNATIONAL CO. d/b/a CARIBE HILTON and
HILTON INTERNATIONAL OF PUERTO RICO d/b/a
CARIBE HILTON,                                **ANSWER TO AMENDED**
                                                **COMPLAINT OF HILTON**
                                                **INTERNATIONAL OF**
                                              **<u>PUERTO RICO</u>**

                                  Defendants.
------------------------------------------------------------------------X

        Defendant HILTON INTERNATIONAL OF PUERTO RICO, INC. ("HIPR"), sued herein as "Hilton International of Puerto Rico d/b/a Caribe Hilton", by its attorneys, KARDARAS & KELLEHER LLP, answering the Amended Complaint of plaintiffs herein:

<u>JURISDICTION</u>

        I.      Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the Amended Complaint designated "1".

        II.      Admits the allegations contained in the paragraph of the Amended Complaint designated "2".

        III.      Admits the allegations contained in the paragraph of the Amended Complaint designated "3".

        IV.      Admits the allegations contained in the paragraph of the Amended Complaint designated "4".

        V.      Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the Amended Complaint designated "5".

VI.    Admits the allegations contained in the paragraph of the Amended Complaint designated "6".

## ANSWERING THE FIRST CAUSE OF ACTION

VII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "7".

VIII.    Admits the allegations contained in the paragraph of the Amended Complaint designated "8".

IX.    Admits the allegations contained in the paragraph of the Amended Complaint designated "9".

X.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "10" except admits that HHC transacts business in the State of New York.

XI.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "11" except admits that HHC derives revenue in the State of New York.

XII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "12"

XIII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "13".

XIV.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "14".

XV.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "15".

XVI.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "16" and leaves all questions of law to this Honorable Court.

XVII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "17" and leaves all questions of law to this Honorable Court.

XVIII. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "18".

XIX.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "19" and leaves all questions of law to this Honorable Court.

XX.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "20".

XXI.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "21".

XXII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "22".

XXIII. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "23".

XXIV.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "24".

XXV. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "25".

XXVI. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "26" except admits that HIPR owns the Caribe Hilton Hotel.

XXVII.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "27" except admits that HIPR manages the Caribe Hilton Hotel.

XXVIII.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "28" except admits that HIPR operates the Caribe Hilton Hotel.

XXIX. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "29" and leaves all questions of law to this Honorable Court.

XXX. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "30" and leaves all questions of law to this Honorable Court.

XXXI. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "31".

XXXII.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "32".

XXXIII.        Admits the allegations contained in the paragraph of the Amended Complaint designated "33".

XXXIV.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "34".

XXXV.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "35".

XXXVI.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "36" and leaves all questions of law to this Honorable Court.

XXXVII.        Denies each and every allegation contained in the paragraph of the Amended Complaint designated "37".

- 4 -

XXXVIII.    Admits the allegations contained in the paragraph of the Amended Complaint designated "38".

XXXII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "39" except admits that HIPR owned the Caribe Hilton hotel.

XL.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "40" except admits that Hilton International of Puerto Rico, Inc. managed the Caribe Hilton hotel.

XLI.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "41" except admits that HIPR operated the Caribe Hilton hotel.

XLII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "42" and leaves all questions of law to this Honorable Court.

XLIII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "43" and leaves all questions of law to this Honorable Court.

XLIV.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "44".

XLV.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "45".

XLVI.    Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the Amended Complaint designated "46".

XLVII.    Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the Amended Complaint designated "47".

- 5 -

XLVIII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "48".

XLIX. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "49".

L.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "50".

LI.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "51.

LII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "52".

LIII.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "53".

LIV.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "54".

LV.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "55".

### ANSWERING THE SECOND CAUSE OF ACTION

LVI.    HIPR repeats, reiterates and realleges each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in paragraphs I through LV herein in response to paragraph "56" of the Amended Complaint with the same force and effect as if set forth here at length.

LVII.  Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the Amended Complaint designated "57".

- 6 -

LVIII. Denies each and every allegation contained in the paragraph of the Amended Complaint designated "58".

LIX.    Denies each and every allegation contained in the paragraph of the Amended Complaint designated "59".

## JURY TRIAL DEMANDED

LX.    Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the Amended Complaint designated "60".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

LXI.    Plaintiffs fail to state a cause of action upon which relief can be granted against HILTON INTERNATIONAL OF PUERTO RICO; therefore, Plaintiffs cannot recover against HILTON INTERNATIONAL OF PUERTO RICO.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

LXII.    Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations and by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

LXIII.    Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

LXIV. To the extent that plaintiffs sustained any injuries or damages as alleged in the Amended Complaint, these injuries or damages were caused in whole or in part by other intervening, totally unforeseeable, and superseding causes from which HILTON INTERNATIONAL OF PUERTO RICO cannot be held liable to Plaintiffs; therefore, Plaintiffs cannot recover against HILTON INTERNATIONAL OF PUERTO RICO herein.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

LXV. To the extent that plaintiffs suffered any injuries or damages as alleged in the Amended Complaint, these injuries or damages were caused in whole or in part by acts or omissions of another or others over whom HILTON INTERNATIONAL OF PUERTO RICO had no control or right of control, whose conduct HILTON INTERNATIONAL OF PUERTO RICO had no reason or opportunity to anticipate, and for whose conduct HILTON INTERNATIONAL OF PUERTO RICO is not responsible and cannot be held liable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

LXVI. Upon information and belief, any injuries, losses or damages plaintiffs may have sustained were caused by the plaintiffs' own negligence.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

LXVII. Upon information and belief, if plaintiffs suffered any injuries as alleged in the Amended Complaint, said injuries were the result of plaintiffs' own culpable conduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

LXVIII.        Plaintiffs' recovery, if any, should be reduced by the relative amount of any comparative fault attributable to plaintiffs, their agents or persons other than HILTON INTERNATIONAL OF PUERTO RICO.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

LXIX. On information and belief, plaintiffs knowingly and voluntarily assumed any alleged risk inherent in the activities referred to in the Amended Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

LXX.   Any past or future costs, expenses or economic loss incurred or to be incurred by plaintiffs have been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source and, as such, any recovery which would inure to Plaintiffs' benefit in this action should be reduced by any collateral source benefits either paid or payable.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

LXXI. Plaintiffs lack capacity and standing to maintain the within action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

LXXII. Under a conflict of law analysis, the law of Puerto Rico should be applied to this matter.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

LXXIII.        Plaintiffs' claims against Defendants herein are barred and should be dismissed under the doctrine of *forum non conveniens* because the venue chosen by Plaintiffs herein is improper.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

LXXIV.        Puerto Rico, where tort damages are available to Plaintiffs, is a more suitable, more adequate, and more appropriate alternative and available forum for the action – the hotel is owned by company with its principal place of business in Puerto Rico, all relevant documentation and potential witnesses are located in Puerto Rico; therefore, this suit should be dismissed by the court under the doctrine of *forum non conveniens.*

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

LXXV.        All relevant private factors and all relevant public factors pertaining to this action favor dismissal of this suit under the doctrine of *forum non conveniens.*

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

LXXVI.        Answering Defendant herein never breached any duty owed to Plaintiffs, if any was owed, and further never failed to maintain any standard, obligation or responsibility, insofar as any duty to do so existed; therefore, Plaintiffs cannot recover against answering Defendant herein.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

LXXVII.        Answering Defendant herein specifically reserves its rights to amend and plead any and all additional affirmative defenses that may become known to them during the course of discovery.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

LXXVIII.        HIPR had no duty to warn or protect Plaintiffs from a danger known to Plaintiffs.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

LXXIX.    To the extent Plaintiffs failed to take reasonable steps to attempt to mitigate their damages, their recovery should be barred or limited accordingly.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

LXXX.    Plaintiffs' Amended Complaint fails to state a cause of action against HIPR.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

LXXXI.    This Court lacks *in personam* jurisdiction over defendant HILTON INTERNATIONAL OF PUERTO RICO.


WHEREFORE, defendant HILTON INTERNATIONAL OF PUERTO RICO demands judgment dismissing the Amended Complaint in all respects and for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.


DATED:        July 19, 2007

KARDARAS & KELLEHER LLP
Attorneys for Defendant
HILTON INTERNATIONAL OF PUERTO RICO

By:_____
        Lori S. Kahn (LK-8852)

Office & P.O. Address
44 Wall Street, 16th Fl.
New York, New York 10005-1303
(212) 785-5050 (telephone)
(212) 785-5055 (telefax)

- 11 -

TO:    SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.
       Attorneys for Plaintiffs
       120 Broadway
       New York, NY  10271
       (212)732-9000